# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED
12/4/2024
Clerk, U.S. District Court
District of Montana
Billings Division

United States of America
v.
Erica Loraine Elmgren

*Defendant*

Case No. 2:20-cr-00172-MKD-2

**MJ-24-162-BLG-TJC**

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Erica Loraine Elmgren,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☑ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

See Petition and Order filed 12/4/2024.

Date: Dec 04, 2024, 9:21 am

*Issuing officer's signature*

City and state:   Spokane, Washington

Sean F. McAvoy, Clerk of Court/DCE
*Printed name and title*

| **Return** |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |
| Date: _____    *Arresting officer's signature* |
| *Printed name and title* |

## UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
PROBATION OFFICE

**MATTHEW L. THOMPSON**

CHIEF PROBATION OFFICER
U.S. COURTHOUSE
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA  99210-0306
(509) 742-6300 / fax (509) 742-6339

December 3, 2024

**BRANCH OFFICES**

FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA  98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA  99352-0446
(509) 943-8130 / fax (509) 943-8139

REPLY TO  Richland

**RECEIVED**
**Dec 04, 2024**
CLERK, U.S. DISTRICT COURT

The Honorable Mary K. Dimke
U.S. District Judge
U.S. Courthouse and Federal Building
825 Jadwin Ave, Suite 190
Richland, WA  99352



**RE: Elmgren, Erica Loraine**
**Dkt. No. 0980 2:20CR00172-MKD-2**
**Custody Status: Continues Under Supervision**
**Violation Report #3**

Dear Judge Dimke:

Attached for the Court's review is a petition for action on the above-captioned offender. The circumstances of the alleged noncompliant behavior are reported therein.

### Compliance with Supervision Conditions:

As the Court may recall, an arrest warrant was issued after a violation petition filed with the Court on October 15, 2024, in response to Ms. Elmgren's continued methamphetamine use. On October 21, 2024, Ms. Elmgren reported to the U.S. Probation Office as directed and provided a urinalysis that tested presumptive positive for methamphetamine. She readily admitted to the undersigned, and via a signed document, she last used methamphetamine on or about October 18, 2024. Ms. Elmgren was subsequently taken into custody by the U.S. Marshals Service (USMS).

On October 29, 2024, a detention hearing was held. The Court ordered Ms. Elmgren to remain detained pending a bed date for inpatient substance abuse treatment. Her supervise release revocation hearing was continued and is presently set for January 23, 2025. A bed date for inpatient substance abuse treatment was secured for Ms. Elmgren at American Behavioral Health Systems (ABHS) on November 12, 2024. She entered inpatient treatment as scheduled and was unsuccessfully discharged from the program on December, 2, 2024.

Re: Elmgren, Erica Loraine
December 3, 2024
Page 2

On December 3, 2024, the undersigned officer contacted ABHS staff and they confirmed Ms. Elmgren left ABHS without permission. Staff reported she ran out the front door of the facility at approximately 4:46 p.m., on December 2, 2024.

Ms. Elmgren has continued to engage in very similar noncompliant behavior. She is not currently engaged in substance abuse treatment despite services made available to her. She has also has not contacted this officer since leaving ABHS. It is respectfully recommended a warrant be issued.

**Offender Characteristics:**

Ms. Elmgren's current offender characteristics were previously reported to the Court in the petition dated October 15, 2024. Other than the information as outlined herein, no additional information exists to report to the Court at this time.

**Statutory and Guideline Provisions:**

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years in prison if such offense is a Class B felony, more than 2 years in prison if such offense is a Class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

Re: Elmgren, Erica Loraine
December 3, 2024
Page 3

If revoked, the following options are available for sentencing:

**Original Criminal History Category:** III
**Grade of Violation:** C
**Class of Offense:** Class A Felony

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **CUSTODY:** | Not more than 5 years | 5-11 months |
| **SUPERVISED RELEASE:** | Life | Life |

It is respectfully recommended that the Court issue a warrant and incorporate the violations contained in this petition in all future proceedings with the violations previously reported to the Court.

Respectfully submitted,

Matthew L. Thompson
Chief U.S. Probation Officer


By: s/Maria Balles                    12/03/2024
    Maria Balles                              Date
    U.S. Probation Officer

APPROVED BY:

s/SanJuanita B. Coronado       12/03/2024
SanJuanita B. Coronado              Date
Supervisory U.S. Probation Officer

MB: